B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> Donna Parris | **DEFENDANTS** <br> Charles Pappas |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Michael J. Coolican, Bracewell & Giuliani LLP <br> 225 Asylum Street, Suite 2600, Hartford, CT 06103 <br> Tel: (860) 256-8601 | **ATTORNEYS** (If Known) <br> Derek G. Poirier, Law Office of John Q. Gale, LLC <br> 363 Main Street, 4th Floor, Hartford, CT 06106 <br> Tel: (860) 522-8296 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an action to have a judgment debt declared non-dischargeable under 11 U.S.C. §523(a)(6), and a debtor not eligible for discharge under 11 U.S.C. §727(a)(2).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Charles Pappas | BANKRUPTCY CASE NO.<br>12-22099 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>Dabrowski | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>Donna Parris | DEFENDANT<br>Robin Delaney | ADVERSARY PROCEEDING NO.<br>12-2078 | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>Dabrowski | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>November 26, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael J. Coolican | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: ) | |
| ) | Case No. |
| CHARLES PAPPAS, ) | 12-22099 (ASD) |
| Debtor ) | |
| ) | Chapter 7 |
| ) | |
| DONNA PARRIS, ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. |
| v. ) | |
| ) | |
| CHARLES PAPPAS, ) | |
| Defendant. ) | |
| ) | November 26, 2012 |

### COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY OF A DEBT AND TO OBJECT TO DISCHARGE OF DEBTOR

Plaintiff Donna Parris alleges as follows:

1. This is an adversary proceeding to determine the non-dischargeability of a debt and to object to a debtor's discharge.

2. The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Defendant Charles Pappas is the debtor in this case (the "Debtor"), having filed a voluntary Chapter 7 bankruptcy petition on August 29, 2012.

5. Plaintiff Donna Parris is a judgment-creditor of the Debtor.

6. Parris and the Debtor are parties to a civil rights action (the "Civil Rights Action") filed by Parris in the United States District Court for the District of Connecticut, in which Parris

alleged, among other things, that the Debtor and others violated Parris's rights under the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 *et seq.* The Civil Rights Action is captioned *Parris v. Pappas*, et al., 3:10CV1128(WWE).

7. On April 2011, prior to the Debtor's bankruptcy filing and at the conclusion of a two-day hearing in damages in the Civil Rights Action, the District Court ordered the Debtor to make a disclosure of assets to Parris.

8. On May 5, 2011, the District Court ordered the Debtor to not dissipate any existing assets during the pendency of the Civil Rights Action.

9. On May 17, 2011, the Debtor filed with the District Court an asset disclosure. The Debtor failed to list among his disclosed assets his ownership of an apartment building located at 44-48 Barbara Street, Providence, Rhode Island ("Barbara Street Property"). In subsequent revisions to this asset disclosure and in response to asset discovery requests, the Debtor continued to fail to disclose the existence of the Barbara Street Property.

10. On November 21, 2011, Parris moved for prejudgment relief ("PJR Motion"). Parris sought, among other things, an order attaching the Debtor's assets.

11. On December 7, 2011, the day before a scheduled hearing on the PJR Motion, the Debtor sold the Barbara Street Property.

12. On January 4, 2012, the District Court (Fitzsimmons, M.J.) entered a ruling (the "Recommended Ruling"), in which the District Court recommended that Parris be awarded $112,407 in compensatory damages and $150,000 in punitive damages, for a total damages award of $262,407. In its Recommended Ruling, the District Court found that the Debtor acted

willfully, maliciously, and with reckless disregard for Parris's civil rights. A true and correct copy of the Recommended Ruling is attached hereto as Exhibit A and incorporated herein.

13. On that same day, the District Court granted Parris's motion for attorneys' fees in the amount of $87,392.50 (the "First Attorney Fee Award").

14. On February 2, 2012, over the Debtor's objection, the District Court (Eginton, D.J.) approved and adopted the Recommended Ruling in full and directed the clerk to enter judgment in Parris' favor in the amount of $262,407.

15. On February 10, 2012, over the Debtor's objection, the District Court (Eginton, D.J.) entered an order adopting the First Attorney Fee Award.

16. On February 10, 2012, the clerk entered judgment ("Judgment") in Parris' favor in the amount of $262,407. A true and correct copy of the Judgment is attached hereto as Exhibit B and incorporated herein.

17. On March 1, 2012, Parris filed a motion for sanctions ("Sanctions Motion") concerning the adequacy of the Debtor's responses to discovery requests regarding the existence and extent of his past and present assets.

18. On March 21, 2012, in a supplemental response to interrogatories inquiring about past and present interests in property and transfers of the same, Debtor did not disclose his prior ownership of the Barbara Street Property and stated affirmatively he had not sold any assets.

19. On March 27, 2012, during a hearing concerning the Sanctions Motion, the Debtor admitted that he had owned the Barbara Street Property, had recently sold it, and had never previously disclosed his ownership of that property to Parris or the District Court.

20. On August 6, 2012, in connection with the Sanctions Motion, the District Court ruled that Parris was entitled to attorneys' fees not previously awarded, in connection with her counsel's efforts to obtain a complete disclosure of assets, to prevent the dissipation of assets, and in post-judgment discovery (the "Second Attorney Fee Award"). The District Court ordered that Parris's counsel submit affidavits detailing the time spent on such efforts by September 1, 2012, and thereafter move for additional fees and costs every six months until collection on the Judgment was complete. Before Parris' counsel could file the affidavits as ordered, the Debtor filed his bankruptcy petition.

21. On August 10, 2012, during a judgment debtor's examination, the Debtor refused to answer any questions regarding the Barbara Street Property, invoking the Fifth Amendment to the United States Constitution.

**FIRST COUNT: NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

22. Parris restates the allegations in paragraphs 1 through 21 of this complaint as if set forth fully herein.

23. At present, the Debtor's debt (the "Debt") to Parris is wholly unpaid and includes, but is not limited to, $262,407 associated with the Judgment, $87,392 associated with the First Attorney Fee Award, statutory interest, and unliquidated sums associated with the Second Attorney Fee Award.

24. Under 11 U.S.C. § 523(a)(6), discharge is not available for an individual debtor for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

-5-

25. The Debt is not subject to discharge because it represents a judgment debt incurred against the Debtor for willful and malicious injury to Parris, and, is non-dischargeable under 11 U.S.C. § 523(a)(6).

**SECOND COUNT: NON-DISCHARGEABILITY UNDER 11 U.S.C. § 727(a)(2)**

26. Parris restates the allegations in paragraphs 1 through 21 of this complaint as if set forth fully herein.

27. Under 11 U.S.C. § 727(a)(2), discharge is not available to a debtor who transfers or conceals his or her property with intent to hinder, delay, or defraud a creditor, within one year before the date of the filing of the debtor's bankruptcy petition.

28. Discharge is not available to the Debtor because, with intent to hinder, delay, or defraud creditors, the Debtor hid the existence of, and transferred, the Barbara Street Property within one year of the filing of his bankruptcy petition.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Donna Parris prays that this Court enter a judgment (i) finding the Debt non-dischargeable, (ii) denying Debtor's discharge, and (iii) granting such other and further relief that this Court deems just, including additional reasonable costs and attorneys' fees.

DONNA PARRIS, PLAINTIFF

By: /s/ Michael J. Coolican
    Michael J. Coolican [ct28057]
    Katherine L. Lindsay [ct27971]
    BRACEWELL & GIULIANI LLP
    225 Asylum Street, Suite 2600
    Hartford, CT 06103
    Tel: (860) 947-9000
    Fax: (860) 246-3201
    Email: michael.coolican@bgllp.com
    Email: katherine.lindsay@bgllp.com

    Timothy Bennett-Smyth [ct27615]
    Greg J. Kirschner [ct26888]
    THE CONNECTICUT FAIR HOUSING CENTER
    221 Main St., 4th Floor
    Hartford, CT 06106
    Tel: (860) 263-0728
    Fax: (860) 247-4236
    Email: tsmyth@ctfairhousing.org
    Email: greg@ctfairhousing.org

    *Her attorneys*